**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Roland Chretien


    v.                                                              Civil No. 07-cv-044-JM


Bruce W. Cattell, Warden,
New Hampshire State Prison


**O R D E R**


    Currently before me for preliminary review is Roland Chretien's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing § 2254 Proceedings (requiring initial review to determine whether the petition is facially valid and may be served).  As explained below, Chretien has not demonstrated that he has exhausted his available and effective state remedies as required by statute. See 28 U.S.C. § 2254(b)(1) (providing that the writ "shall not be granted" unless petitioner has exhausted all available or effective state remedies).  I therefore order that Chretien amend his petition to demonstrate exhaustion consistent with this Order.

Background

Roland Chretien, an inmate at the New Hampshire State Prison, was convicted after a bench trial of sexual assault and felonious sexual assault. On January 28, 2005, Chretien was sentenced to serve six to twelve years in the New Hampshire State Prison. After trial, Chretien filed a motion for a new trial which was denied. Chretien sought appellate review and the New Hampshire Supreme Court ("NHSC") affirmed his conviction on August 11, 2006. In its Order affirming the conviction, the NHSC determined that a number of the claims raised on appeal had not been properly preserved for appellate review, and were therefore not considered. Chretien subsequently filed a second motion for a new trial in the Superior court, which was denied. Chretien filed a notice of appeal for the second motion for a new trial, but the NHSC declined the appeal on January 17, 2007.

Chretien now files the instant petition raising four grounds for relief, all of which he claims implicate his Fourteenth Amendment due process rights and his Sixth Amendment right of confrontation:

    1.   The trial court erred in denying petitioner's motion to cross-examine the complainant concerning a false accusation of rape she made against a third party;

    2.    The trial court erred in denying petitioner's motion to cross-examine the complainant concerning an incident of consensual sex between the complainant and a third party;

    3.    The trial court erred in denying petitioner's motion to introduce extrinsic evidence of a false accusation of rape made by the complainant against a third party;

    4.    The trial court erred in denying petitioner's motion to introduce extrinsic evidence of an incident of consensual sex between the complainant and a third party.

Chretien asserts that he is entitled to a writ of habeas corpus because these constitutional violations have rendered his conviction and sentence illegal.

## Discussion

### 1. Custody and Exhaustion

To be eligible for habeas relief, Chretien must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). Chretien satisfies the first requirement, as he is currently incarcerated. However, the petition does not demonstrate satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

Chretien has failed to present sufficient information or documentation to this court to demonstrate that each of the claims raised here, including the federal nature of the claims, was presented to the state appellate court. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts). Specifically, Chretien has not submitted the full notices of appeal and attachments thereto, the appendices, or the

briefs filed in support of both of his attempts to obtain relief from the NHSC. Those documents would demonstrate whether or not the claims raised here, including the federal nature of the claims, were specifically presented to the NHSC.

2. Mixed Petition

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (emphasis added). If Chretien's petition contains both exhausted and unexhausted claims, and Chretien were to press his petition without first exhausting all of the claims contained therein, I would have to recommend dismissal of the entire petition. See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)). If the petition contains both exhausted and unexhausted claims, the proper course of action would be to stay this petition pending the exhaustion of all of the claims and compliance with this Order. See Rhines v. Weber, 544 U.S. 269, 278 (2005) (a district court should stay a mixed petition

containing both exhausted and unexhausted claims if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.").

Chretien has attached to his federal petition a copy of the New Hampshire Supreme Court's order affirming his conviction. That order makes clear that, of the four claims presented to this Court for consideration, one of them, the claim challenging the denial of extrinsic evidence of a false accusation of rape, has been fully exhausted in the state courts. The order does not contain enough information to allow me to determine whether the three other claims raised here have been presented to the NHSC. Accordingly, Chretien must amend his petition to demonstrate exhaustion of those claims if they have, in fact, been exhausted, or must request a stay in order to return to the state courts to complete exhaustion.

It should be noted that Chretien has the option of foregoing his unexhausted claims, if any of his claims are in fact unexhausted, and requesting that this Court proceed promptly with consideration of only his exhausted claim or claims. Chretien

should be advised that if he does forego any of his claims, he will likely waive ever having the foregone claims considered by this Court due to the prohibition against second or successive federal habeas petitions.  See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998).

## Conclusion

Chretien is ordered to amend his petition within thirty days of the date of this Order to demonstrate exhaustion.  Chretien is instructed to establish that he has exhausted his state remedies with respect to each of the claims presented in his petition or that he is excused from the exhaustion requirement.  To make this showing, Chretien is instructed to provide this court with copies of documents filed in the Superior Court and the New Hampshire Supreme Court showing that each of the claims, including the federal nature of each claim, has been raised and exhausted below.  Chretien should also provide this Court with copies of any orders or opinions issued by the state courts relative to these matters that have not previously been submitted to this Court.

If the claims in question are not exhausted, Chretien must notify the Court within thirty days of the date of this Order as to how he intends to proceed in this matter.  Chretien must either request a stay so that he may return to the state courts to complete exhaustion, or affirmatively forego his unexhausted claims.  If Chretien chooses to take further action in the state courts, once this case is stayed, Chretien must commence his state court action within thirty days of the date of this Order.

Chretien is directd to notify this Court of the status of the state court proceedings every ninety days.  When the claims are fully exhausted in the state courts, Chretien must, within thirty days of receiving the final state court decision, notify this Court that the state court litigation is concluded and provide this Court with the documentation of exhaustion at that time.

Should Chretien fail to make a showing that he has exhausted his state court remedies for each of the grounds presented or otherwise fails to comply with this Order, the petition may be

dismissed for failure to demonstrate exhaustion.[1]  <u>See</u> 28 U.S.C. § 2254(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    February 22, 2007

cc:      Thomas L. Gleason, Esq.
         Stephen Fuller, Esq.
         John Vinson, Esq.

---

[1] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Graham's claims. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).

9