**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Roland Chretien

    v.                                              Civil No. 07-cv-044-JM

Bruce W. Cattell, Warden,
New Hampshire State Prison

**O R D E R**

    Roland Chretien filed a petition for a writ of habeas corpus on February 20, 2007 (document no. 1). On February 22, 2007, I issued an order finding that, of the four claims raised in the petition, Chretien had only demonstrated exhaustion of one claim (document no. 2). I directed Chretien to amend his petition to demonstrate exhaustion of each of the remaining three claims, if they had been exhausted. I also directed Chretien to notify this Court of his intentions regarding any unexhausted claims. Specifically, Chretien was directed to notify the Court if he intended to return to the state courts to exhaust any unexhausted claims or whether he intended to forego any unexhausted claims. I advised Chretien that, should he intend to exhaust any unexhausted claims, I would stay his petition in this Court to

give him the opportunity to return to the state courts without jeopardizing the timeliness of his petition.

On March 15, 2007, Chretien filed an additional pleading (document no. 3) in response to my order to amend. This pleading asserts that all four of the claims have been exhausted. I find that at this time, as more specifically explained below, Chretien has still failed to demonstrate exhaustion of one of his claims.

Chretien's initial complaint included four claims, all of which, he asserts, implicate his Fourteenth Amendment due process rights and his Sixth Amendment right of confrontation:

1. The trial court erred in denying petitioner's motion to cross-examine the complainant concerning a false accusation of rape she made against a third party;

2. The trial court erred in denying petitioner's motion to cross-examine the complainant concerning an incident of consensual sex between the complainant and a third party;

3. The trial court erred in denying petitioner's motion to introduce extrinsic evidence of a false accusation of rape made by the complainant against a third party;

4. The trial court erred in denying petitioner's motion to introduce extrinsic evidence of an incident of consensual sex between the complainant and a third party.

In my previous Order, I found that in his original petition, Chretien demonstrated that claim 3 had been exhausted.

False Accusation Claims

Chretien has now filed documentation in support of his allegation that all of his claims have been exhausted.  Chretien has filed a copy of the New Hampshire Supreme Court's ("NHSC") August 11, 2006 decision affirming his conviction.  See State v. Chretien, No. 2005-0228, slip op. at 1 (N.H. Aug. 11, 2006).  That decision makes it clear that the NHSC did not, on direct appeal, consider Chretien's claims regarding the denial of the ability to cross-examine the complainant regarding a false accusation of rape, because that issue had not been properly preserved for appeal.  The NHSC characterizes Chretien's argument as limited to the denial of extrinsic evidence regarding the false accusation, and as not including an argument concerning the denial of the right to cross-examination regarding the false accusation.  The NHSC's opinion, however, describes arguments presented by the petitioner that could reasonably be construed as supporting both the cross-examination and the extrinsic evidence claims arising out of the alleged false accusation.

Accordingly, while the petitioner's submissions are far from complete, and additional evidence may exist that disproves exhaustion, for purposes of preliminary review, I find that

Chretien has demonstrated that he raised both the cross-examination and the extrinsic evidence arguments regarding the alleged false accusation, including the federal nature of those claims, in his direct appeal. Accordingly, for purposes of initial review I find that Chretien has sufficiently demonstrated exhaustion of these two claims to allow them to proceed at this time.

<u>Consensual Sex Claims</u>

In its review of Chretien's direct appeal, the NHSC appears to have been aware that Chretien had alleged the complainant in the case engaged in a consensual sexual act which was relevant to the jury's consideration of the charges against Chretien. There is no indication in the NHSC's decision, however, as to the nature and scope of any constitutional arguments arising out of the alleged consensual sexual encounter that Chreiten may have presented.

Chretien has also provided, however, information concerning a motion for new trial that was submitted to the trial court after his direct appeal was denied. Specifically, Chretien has submitted what appears to be an excerpt from the notice of appeal submitted to the NHSC referencing the previous denial of the

direct appeal and the trial court's denial of the subsequent motion for a new trial ("second NOA").

In the second NOA, a claim regarding cross-examination of the complainant concerning the prior consensual sexual encounter, including its federal nature, was clearly raised. Accordingly, I find that this claim, too, appears to have been exhausted in the state courts and may proceed.

The recent submissions of petitioner, however, are devoid of evidence of exhaustion of the fourth claim, alleging that the petitioner's federal constitutional rights were violated by the trial court's denial of extrinsic evidence to prove that the complainant had engaged in the prior consensual act at issue. Accordingly, I find that petitioner has not demonstrated that this claim has been exhausted in the state courts.

## Conclusion

Petitioner is directed to submit to this Court, within ten days of the date of this Order, either:

(a) documentation that the fourth claim, alleging that the petitioner was denied the admission of extrinsic evidence regarding the prior consensual sexual act, and the federal nature of that claim, has been exhausted in the state courts;

(b) a statement of intention to forego that claim as unexhausted, with a statement of understanding that the claim will likely not ever be considered due to the prohibition against successive federal habeas petitions; or

(c) a statement of intention to return to the state courts to exhaust the single unexhausted claim, accompanied by a request to stay this action pending resolution of that claim in the state courts.

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:     April 3, 2007

cc:       Thomas L. Gleason, Esq.