**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Roland Chretien

         v.                          Civil No. 07-386-JL
                                     Opinion No. 2008 DNH 084
New Hampshire State Prison,
Warden

**MEMORANDUM AND ORDER**

Petitioner Roland Chretien, a New Hampshire State Prison inmate, seeks federal habeas relief from his state court conviction, alleging violations of his constitutional rights based on evidentiary rulings at his trial.  This court has jurisdiction under 28 U.S.C. § 1331 (federal question) and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See 28 U.S.C. § 2254(a) (2006) (habeas relief for state prisoners).

The respondent, the Warden of the New Hampshire State Prison, has moved for summary judgment.  After a hearing, and for the following reasons, the Warden's motion for summary judgment is granted in part and denied in part, and an evidentiary hearing will be scheduled to address Chretien's remaining claim.

**APPLICABLE LEGAL STANDARD**

A party is entitled to summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

> Not every factual dispute is sufficient to thwart summary judgment; the contested fact must be "material" and the dispute over it must be "genuine." In this regard, "material" means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.

Navarro v. Pfizer Corp., 261 F.3d 90, 93-94 (1st Cir. 2001). Once that burden is met, the burden shifts to the nonmoving party to produce specific facts of record indicating a genuine issue for trial. See Geffon v. Micrion Corp., 249 F.3d 29, 34 (1st Cir. 2001); see also Celotex, 477 U.S. at 323. In deciding whether summary judgment is proper, the court must view the entire record in the light most favorable to the nonmoving party

2

and draw all reasonable inferences in that party's favor.   See Zyla v. Wadsworth, 360 F.3d 243, 246 (1st Cir. 2004).

**BACKGROUND**[1]

**I.   Facts**

Petitioner Ronald Chretien was convicted of two counts of sexual assault in violation of N.H. Rev. Stat. Ann. § 632-A:4, and three counts of aggravated felonious sexual assault in violation of § 632-A:2, occurring at the Blazing Saddles Motorcycle Shop in Plaistow, New Hampshire on June 26, 2003. Around noon on that day, the complainant entered the store to purchase a belt.  Chretien, a co-owner of the store whom the complainant had met on prior occasions, approached her and they had a brief conversation.  The complainant then went upstairs to the second floor of the store to find a belt.  Chretien followed her to the top of the stairs and continued the conversation. They discussed the possibility of the complainant working at the store on a part-time basis.  Chretien then spun her around, told her she looked pretty good, pulled her toward him, and kissed

---

[1]  On habeas review, facts are considered in a manner "consistent with the state court findings," see McCambridge v. Hall, 303 F.3d 24, 26 (1st Cir. 2002), unless the petitioner rebuts them by clear and convincing evidence, which Chretien does not seek to do here.  28 U.S.C. § 2254(e)(1)(2007).

3

her.  The complainant told him to stop and pulled away before
walking to the back of the store.  Chretien then grabbed the
complainant by her wrist, hurting her, and kissed her again.  She
pulled away from him and tried walking toward the front of the
store.

As she walked away from him, Chretien pulled the complainant
behind the cash register and told her she could not leave him
with an erection.  He then put her hand onto his pants and told
her that his erection was her fault.  Chretien pulled her into a
nearby stock room, shut the door, grabbed her around the throat,
and tried to lift up her shirt and touch her breasts.  Angered by
the complainant's refusals to cooperate, Chretien pushed her to
the floor and forced her to perform fellatio, eventually
ejaculating.  Once the act was completed, Chretien pushed her out
of the stock room and went back to work.  Before she left the
store, she cleaned off her face and mouth with tissue paper that
she then placed in her purse.

After leaving, the complainant went to Anzalone's Market in
Exeter, New Hampshire, where she washed her mouth out with a
carbonated beverage.  After telling a clerk at the deli counter
about what had just happened, she discarded the tissues in a
garbage can outside the market.  Police later retrieved these
tissues from the garbage.  DNA testing of the semen on these

4

tissues was consistent with Chretien's DNA.  Chretien was
eventually indicted on the above-referenced sexual assault
charges.


II.   **Procedural history**

     Prior to his bench trial in Rockingham County Superior
Court, Chretien filed a motion _in_ _limine_, as required by New
Hampshire Superior Court Rule 100-A, seeking permission to:  (1)
call Peter Hallinan[2] as a witness to testify to a subsequent
sexual encounter with the complainant, including an implied
accusation of sexual assault after the fact and (2) depose and
cross-examine the complainant about that series of events.  In
support of this motion, Chretien submitted Hallinan's affidavit
detailing a consensual sexual encounter with the complainant in a
restaurant parking lot in the summer of 2003, after the assault
by Chretien.  According to the affidavit, early the next morning,
Hallinan received a telephone call from the complainant's phone
number.  An unknown male asked about the incident.  Soon
thereafter, Hallinan called the unknown male at the same number
and was told not to worry because the complainant had "changed
her story" and was not going to press charges.  While reserving

---

     [2]  In the trial transcript, Peter Hallinan's last name is
incorrectly transcribed as "Callahan."

ruling to the time of trial, the superior court eventually informed trial counsel for Chretien that his motion had been denied.

During the course of the trial itself, Chretien asked the court for permission to call Hallinan as a witness.  The court refused, citing the New Hampshire rape shield law, N.H. Rev. Stat. Ann. § 632-A:6, and ruling, <u>inter alia</u>, that such testimony was not relevant and its prejudicial effect to the complainant far outweighed any probative value.  At the conclusion of the bench trial, Chretien was convicted on all counts.

Chretien moved in the superior court for a new trial, arguing that the court erred by excluding Hallinan's testimony, and that his counsel was ineffective in advising Chretien to waive his right to a trial by jury.  The motion was denied. Chretien then appealed his convictions to the New Hampshire Supreme Court, which affirmed in an unpublished opinion.  <u>New Hampshire v. Chretien</u>, No. 05-0228, slip op. at 1-2 (N.H. Aug. 11, 2006) ("Direct Appeal Opinion").

On appeal, Chretien argued that the trial court erred in denying his motions:  (1) to depose the victim before trial, (2) to admit extrinsic evidence that the victim later made an allegedly false accusation of sexual assault against another man, and (3) for a new trial.  The supreme court rejected Chretien's

first and third claims, ruling that he had failed to preserve
them in the superior court.  The supreme court further ruled that
Chretien also had not preserved any claim that he was wrongfully
prevented from "cross-examin[ing] the victim about the alleged
subsequent assault."  <u>Direct Appeal Opinion</u>, slip op. at 2.

Limiting its review to whether the superior court correctly
excluded extrinsic evidence of the allegedly false accusation,
the supreme court ruled that the trial court's ruling had
violated neither the New Hampshire nor the United States
Constitution.  First, the supreme court upheld the evidentiary
ruling as a "sustainable exercise of discretion" under New
Hampshire law, ruling that "[e]xtrinsic evidence of a prior (or
in this case, a subsequent) false allegation of sexual assault by
a victim in a sexual assault case may be admitted only where the
allegations are similar, and the proffered evidence is highly
probative of the material issue of the complainant's motives."
<u>Id.</u> (internal quotations omitted).  Second, the supreme court
ruled that excluding the extrinsic evidence did not violate
Chretien's right to due process under the federal constitution.
Distinguishing the decision of the First Circuit in <u>White v.
Coplan</u>, 399 F.3d 18 (1st Cir. 2005), the supreme court reasoned
that "<u>White</u> concerned cross-examination, while this case concerns
extrinsic proof," which "requires more witnesses and documents,

7

and so greater risks of confusion and delay." <u>Direct Appeal</u>
<u>Opinion</u>, slip op. at 2 (quoting <u>White</u>, 399 F.3d at 25-26).  The
court further reasoned that "in <u>White</u>, the evidence of the
falsity of the victims' earlier accusations was much more
compelling than the evidence here," which consisted only of
"testimony that an unknown man accused [Hallinan] of assaulting
the victim," coupled with testimony that the same unknown man
later told Hallinan that the victim had recanted.  <u>Id.</u> at 3; <u>but</u>
<u>see</u> <u>infra</u> notes 5 and 11.

Following the denial of his appeal, Chretien filed a second
motion for a new trial in the superior court, this time claiming
that counsel was ineffective for failing to cross-examine the
victim about her allegedly false charge that Hallinan had
sexually assaulted her.  In a written order denying the motion,
the superior court explained that it had "advised the defendant's
trial counsel that such evidence would not be permitted because
it was not relevant," and that counsel had not simply
"forgot[ten] to ask the victim about the subsequent incident."[3]
<u>New Hampshire v. Chretien</u>, Rockingham County, No. 04-S-774, slip

---

[3]  This order rectified the supreme court's mistaken but
understandable belief that Chretien failed to preserve his cross-
examination claim at trial.  The superior court's ruling that
Chretien had in fact preserved this claim was not entered into
the record until October 23, 2006, well after the supreme court
issued its decision.

op. at 2 (Oct. 23, 2006).  The superior court focused its
analysis not on the complainant's allegedly false accusation (as
cited in the motion), but on alleged sexual conduct, explaining
its view that "a subsequent sexual encounter with a different
individual had absolutely no relevance to any issue in this
case."  Id.  Chretien appealed this decision to the New Hampshire
Supreme Court, which declined to accept the discretionary appeal.
New Hampshire v. Chretien, No. 2006-864, slip op. (Jan. 17,
2007); see N.H. SUP. CT. R. 7(1)(B).


### III. Petition for writ of habeas corpus

Chretien then filed a petition for a writ of habeas corpus
in this court under 28 U.S.C. § 2254.  He challenges his
conviction on the grounds that the superior court improperly
denied him the opportunity to:  (1) cross-examine the victim
about the allegedly false accusation of sexual assault she made
against Hallinan, (2) cross-examine the victim about the alleged
incident of consensual sex between her and Hallinan, and (3)
introduce extrinsic evidence on both of these points.

**ANALYSIS**

**I.   Applicable Law**

A federal court may not disturb a state court adjudication of a federal claim on the merits unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" federal law if it contradicts the Supreme Court on a question of law or "decides a case differently . . . on a set of materially indistinguishable facts."  Id. at 412-13.  A decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  An unreasonable application of federal law must be objectively unreasonable, not merely incorrect or erroneous, to warrant habeas relief.  Id. at 411; accord Phoenix v. Matesanz, 233 F.3d 77, 80-81 (1st Cir. 2000).  If "the petition presents a federal claim that was raised before the state court but was left unresolved, the AEDPA's strict standards do not apply" and the court will review the claim de novo.  Horton v. Allen, 370 F.3d 75, 80 (1st Cir. 2004).

10

While a criminal defendant has constitutional rights to (1) cross-examine the witnesses who testify against him, and (2) to present evidence in his own defense, see United States v. Scheffer, 523 U.S. 303, 308 (1998); Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986), neither right is absolute and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." Chambers v. Mississippi, 410 U.S. 284, 295 (1973). Thus, these rights may be subject to reasonable restrictions reflecting concerns of harassment, prejudice, witness safety, confusion, relevance, or delay. Olden v. Kentucky, 488 U.S. 227, 232 (1988); see also Scheffer, 523 U.S. at 308 (unreasonable restrictions are those that are arbitrary or disproportionate to the purposes they are designed to serve).

Under Scheffer, states have "broad latitude under the Constitution to establish rules excluding evidence" where those restrictions serve a legitimate government purpose. 523 U.S. at 308; see also Michigan v. Lucas, 500 U.S. 145, 149 (1991); Rock v. Arkansas, 483 U.S. 44, 55 (1987); Dolinger v. Hall, 302 F.3d 5, 14-15 (1st Cir. 2002). Rape shield laws,[4] which provide for

---

[4] New Hampshire's rape shield law is set forth in both a statute, N.H. Rev. Stat. Ann. § 632-A:6, and a rule of evidence. N.H. R. Evid. 412.

the exclusion of certain types of otherwise admissible evidence in sexual assault cases, generally have been upheld as permissibly protecting victims of sexual assault "against surprise, harassment, and unnecessary invasions of privacy." See, e.g., Lucas, 500 U.S. at 150 (upholding a Michigan rape shield statute as a "valid legislative determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy"). As explained infra, however, to withstand constitutional scrutiny, rape shield laws may not, in every case and under all circumstances, be strictly construed and rigidly enforced, or broadly applied.

**A.    Extrinsic evidence**

Chretien asserts that his conviction was obtained in violation of his Fourteenth Amendment due process right to a fair opportunity to present a defense. See U.S. CONST. amend. XIV. Specifically, he argues that the superior court deprived him of this right when it excluded extrinsic evidence--in the form of Hallinan's testimony--of the complainant's alleged sexual liaison with him, and her allegedly false accusation of sexual assault against him.

The Supreme Court has recognized that while "[f]ew rights are more fundamental than that of an accused to present witnesses

12

in his own defense," <u>Chambers</u>, 410 U.S. at 302, that right is not
absolute.  <u>Scheffer</u>, 523 U.S. at 308.  As discussed <u>supra</u>, the
right to present witnesses is subject to "reasonable
restrictions" and may, in appropriate circumstances, be
restricted in favor of legitimate state interests.  <u>Id.</u>

In rejecting Chretien's claim that the superior court had
violated his federal due process and confrontation rights by
excluding extrinsic evidence of the complainant's allegedly false
accusation against Hallinan, the supreme court's application of
this principle cannot be characterized as objectively
unreasonable.  <u>See</u> <u>Williams</u>, 529 U.S. at 412.  Noting the "risks
of confusion and delay" attendant to extrinsic evidence of a
victim's credibility in general, the court reasoned that these
risks were heightened in the case of Hallinan's proffered
testimony as to the allegedly false accusation, which depended
entirely on what an "unknown man" alleged the complainant had
said.  There is arguably room for disagreement over the trial
court's decision to exclude the evidence from a bench trial,[5]

---

[5]  The court notes that Hallinan's affidavit submitted by
defense counsel at trial was highly detailed, and arguably quite
probative on the issue of a possibly similar, and allegedly
false, accusation by the complainant.  <u>See</u> N.H. R. Evid. 608(b)
(allowing cross-examination of witness concerning specific
instances of conduct probative of untruthfulness).  Although the
caller's identity was not precisely known by Hallinan, his
affidavit stated that the call came from the complainant's phone

because the risk of prejudice to the complainant was likely less
than that involved in a jury trial.  United States v. Shukri, 207
F.3d 412, 419 (7th Cir. 2000).  Still, the supreme court's
balancing of Chretien's right to present evidence in his own
defense against the interest in excluding that kind of evidence
was not an unreasonable application of Olden.  488 U.S. at 232
(constitutional trial rights of the accused may be subject to
reasonable restrictions reflecting concerns of harassment,
prejudice, witness safety, confusion, relevance, or delay).
Therefore, as a matter of habeas review under the AEDPA standard,
the Warden is entitled to summary judgment as to Chretien's claim
arising out of the exclusion of extrinsic evidence of the
complainant's allegedly false accusation.

---

number.  This further indicated that the complainant had
disclosed the alleged encounter with someone likely in her
household, followed by contact between a man using the
complainant's phone and the alleged assailant, thereby creating
another (although inferential) similarity between the two
incidents.  In a subsequent phone call from the same phone, the
caller said the complainant had "changed her story."  Further,
the probative value of this evidence may have increased depending
on the cross-examination denied by the trial court.  See White,
399 F.3d at 22; State v. Miller, 155 N.H. 246, 250, 921 A.2d 942,
947 (2007).  As explained infra, a pre-trial evidentiary hearing
might have brought these issues into sharper focus.

**B.   Cross-examination**

Chretien also asserts that his conviction was obtained in violation of his Sixth Amendment right to confront adverse witnesses because the superior court prevented him from cross-examining the complainant about her conduct during and after the alleged Hallinan encounter.  Because neither the trial court nor the supreme court[6] addressed the merits of Chretien's federal constitutional claim based on his restricted right to cross-examination, this court reviews the claim de novo.  Norton v. Spencer, 351 F.3d 1, 5 (1st Cir. 2003); Fryar v. Bissonnette, 318 F.3d 339 (1st Cir. 2003).[7]

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  U.S. CONST.

---

[6]   Again, the supreme court initially declined to address the issue, Direct Appeal Opinion, slip op. at 2, based on an understandably mistaken belief, later corrected by the superior court, that it was unpreserved.  See supra at n. 3.  When, in his appeal from the denial of his second motion for a new trial, Chretien corrected the record to establish that he had, in fact, preserved the issue, the supreme court nonetheless declined to accept the appeal.

[7]   The Warden does not argue that, as a result, this claim is procedurally defaulted, and this court declines to consider such an argument sua sponte, see Belton v. Warden, 2008 DNH 070 (D.N.H. Apr. 2, 2008) (explaining procedural default doctrine), particularly where the superior court subsequently clarified that Chretien had, in fact, asked the court to permit cross-examination of the complainant regarding these subjects.

amend. VI.  A primary interest secured by the Confrontation Clause is the right of the accused to cross-examine adverse witnesses.  <u>Douglas v. Alabama</u>, 380 U.S. 415, 418 (1965).  The right of cross-examination is a "functional" right designed to promote reliability in the truth-finding functions of a criminal trial.  <u>Kentucky v. Stincer</u>, 482 U.S. 730, 736 (1987); <u>see</u> <u>also</u> <u>Pointer v. Texas</u>, 380 U.S. 400, 404 (1965) ("certainly no one experienced in the trial of lawsuits, would deny the value of cross-examination in exposing falsehood and bringing out the truth in the trial of a criminal case").

Nevertheless, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on [the cross-examination of an adverse witness] based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  <u>Van Arsdall</u>, 475 U.S. at 679.  The Confrontation Clause "guarantees an <u>opportunity</u> for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."  <u>Delaware v. Fensterer</u>. 474 U.S. 15, 20 (1985).  Accordingly, a Confrontation Clause violation occurs only when restrictions on cross-examination work "effectively to emasculate the right of cross-examination

16

itself." <u>Smith v. Illinois</u>, 390 U.S. 129, 131 (1968); <u>see also</u> <u>Stincer</u>, 482 U.S. at 737; <u>Fensterer</u>, 474 U.S. at 18.

Chretien claims that the trial court erred in denying him the opportunity to cross-examine the complainant about: (1) her alleged sexual liaison with Hallinan subsequent to the charged sexual assault, and (2) the allegedly false accusation against Hallinan based on inferences drawn from Hallinan's nearly contemporaneous phone conversation with a man possessing both the complainant's phone and knowledge of the accusation. The New Hampshire rape shield law generally excludes all evidence of prior consensual activity on the part of the complainant. N.H. Rev. Stat. Ann. § 632-A:6; N.H. R. Evid. 412. But in the seminal New Hampshire case on point, <u>State v. Howard</u>, the New Hampshire Supreme Court held that the victim's privilege created by the law must, like all statutory or common law privileges, yield to a competing public interest when the Constitution demands it. 121 N.H. 53, 427 A.2d 457 (1981); <u>see also</u> <u>State v. Goulet</u>, 129 N.H. 348, 351, 529 A.2d 879 (1987) ("the right of confrontation limit[s] the application of the rape shield law when evidence of the victim's prior sexual activity with people other than the defendant has a probative value in the context of a particular case that outweighs its prejudicial effect on the victim"); <u>State</u>

17

v. Spaulding, 147 N.H. 583, 589, 794 A.2d 800 (2002).  It is
recognized that:

> Because strictly construed, the shield law
> would bar evidence of prior sexual activity
> in all cases, and such a construction would
> render the law unconstitutional, the [New
> Hampshire Supreme] Court has held that a
> defendant in a [sexual assault] prosecution
> must be given an opportunity to demonstrate
> that due process requires the admission of
> such evidence because the probative value in
> the context of the particular case outweighs
> its prejudicial effect on the prosecutrix.

2 R. McNamara, New Hampshire Practice, Criminal Practice and
Procedure § 28.27 (3d ed. 1997) (citing several supporting N.H.
Supreme Court decisions).  Thus, disallowing cross-examination of
the victim of a sexual assault about other sexual conduct does
not offend the confrontation clause, so long as the ruling is
based on a proper weighing of the competing interests identified
by Olden.  See Lucas, 500 U.S. at 149; Dolinger v. Hall, 302 F.3d
5, 11 (1st Cir. 2002) (affirming trial court's limitation on
scope of cross-examination where questioning posed risk of
prejudice and harassment to victim).

While the federal evidentiary rules broadly prohibit
evidence of "all sexual conduct other than the rape or assault at
issue," see Fed. R. Evid. 412; United States v. Yazzie, 59 F.3d
807, 814 (9th Cir. 1995), the New Hampshire rape shield statute
appears by its terms to be limited to evidence of "prior" sexual

18

conduct.  <u>See</u> N.H. Rev. Stat. Ann. § 632-A:6; N.H. R. Evid. 412.
Chretien has never disputed that New Hampshire's statute and rule
properly may be applied to evidence of subsequent sexual conduct,
and this court will assume, as did the New Hampshire Supreme
Court, that the law applies to evidence of subsequent, as well as
prior, conduct.  As just discussed, however, the simple fact that
evidence falls within the scope of a state rape shield law does
not mean that its exclusion in a particular case does not violate
the defendant's confrontation clause rights.  <u>See</u> <u>Lucas</u>, 500 U.S.
at 149.[8]

     New Hampshire Rule of Evidence 608(b), the counterpart to
Federal Rule 608(b), "permits an attack on a witness' credibility
. . . with restrictions and in the discretion of the court, by
cross-examination of the witness directed to specific instances
of conduct bearing on truthfulness--including instances of prior
untruths."  <u>White</u>, 399 F.3d at 22 (internal quotations omitted).
Such evidence, although relevant, may be excluded if its
"probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, waste of time, or

---

     [8] "A federal court may grant habeas corpus relief to state
prisoners only for violations of federal [and not state] law."
<u>Bae v. Peters</u>, 950 F.2d 469, 477 (7th Cir. 1991); 28 U.S.C.
§ 2254.

needless presentation of cumulative evidence." N.H. R. Evid. 403.

In this case, although cross-examination regarding the alleged Hallinan encounter <u>itself</u> was neither clearly admissible (under state law) nor constitutionally required (under federal law), some probing of the <u>purported</u> <u>false</u> <u>accusation</u> would have been highly probative while violating no law or rule of evidence. Generally, if this line of questioning is allowed by the court, the cross-examiner must accept the answer as the witness gives it and is prohibited from introducing extrinsic evidence, or "evidence other than the witness's own answers on cross-examination." <u>Miller</u>, 155 N.H. at 250. If, however, a defendant in a sexual assault case is able to show by clear and convincing evidence that the putative complainant has previously made "demonstrably false" allegations, the evidentiary rules shift in favor of admissibility. <u>White</u>, 399 F.3d at 26. Upon a clear demonstration of falsity, the trial court is not only permitted, but is "constitutionally <u>required</u> to permit this cross-examination." <u>Miller</u>, 155 N.H. at 250 (emphasis in original). The court may, in its discretion, permit the introduction of extrinsic evidence, <u>White</u>, 399 F.3d at 26, albeit subject to the overriding protection of Rule 403, discussed <u>supra</u>.

Here, the trial court was proffered highly detailed and credible (albeit inferential)[5] evidence of an allegedly false accusation of sexual assault following an alleged non-forcible, semi-public sexual encounter.  The record contains no suggestion that the source of this evidence, Hallinan, was biased in favor of Chretien or prejudiced against the complainant.  Since the prosecution of the case involved somewhat similar circumstances, and a consent defense had been asserted, the trial court should have taken steps to determine the nature and extent of the evidence's probative value.

One such step would have been a pretrial evidentiary hearing, commonly referred to in New Hampshire state courts as a "Howard hearing," limited to questioning the complainant about whether the Hallinan accusation (as opposed to the sexual encounter) occurred, and if so, whether it was false.[6]  At that point, by balancing the various rules, requirements, and purposes of New Hampshire Rules of Evidence 402, 403, 412, and 608(b), as well as the Sixth Amendment, the trial court would have been in a

---

[5]  See supra at n. 5.

[6]  The hearing is named for the Howard decision.  121 N.H. 53, 426 A.2d 457.  Technically, a hearing limited to the allegedly false accusation of Hallinan might not constitute a true "Howard hearing" in that it would not directly focus on any alleged sexual conduct of the complainant.

better position to determine the trial admissibility of the
cross-examination, and what effect the complainant's answers may
have had, if any, on the admissibility of other evidence
proffered by Chretien.  "Evidence suggesting a motive to lie,"
such as explaining a regretted extramarital sexual encounter to a
spouse, "has long been regarded as powerful evidence undermining
credibility, and its importance has been stressed in Supreme
Court confrontation cases."  White, 399 F.3d at 26; see, e.g.,
Olden, 488 U.S. at 231; Van Arsdall, 475 U.S. at 680; Davis v.
Alaska, 415 U.S. 308, 319 (1974).  As the First Circuit stated in
White:

> If the witness were prepared to admit on the
> stand that a prior accusation of similar
> nature was false, it is hard to imagine good
> reason for excluding the evidence.  Prior
> admitted lies of the same kind in similar
> circumstances could powerfully discredit the
> witness.  No time-consuming excursion beyond
> the witness would be required.  Further, the
> accusation  being conceded to be untrue,
> inquiry would not require the witness to
> admit to prior sexual activity or assault.
>     The difficulties arise when it is
> assumed that the witness will make no such
> admission of past lies.

399 F.3d at 25.[7]

---

[7]   The trial court did in fact note in its order on
Chretien's second motion for a new trial that "[t]he alleged
victim subsequently denied any sexual contact with this adult
male."  New Hampshire v. Chretien, Rockingham County, No. 04-S-
774, slip op. at 1 (Oct. 23, 2006).  The record contains no

Due to the sexual nature of the allegedly false accusation, and therefore the danger of unfair prejudice to the complainant in a sexual assault case, (<u>see</u> N.H. R. Evid. 403, 412) the scope of the cross-examination that should have been permitted, if any, is not clear based on the superior court record.  <u>See</u> <u>United States v. Crowley</u>, 318 F.3d 401, 416-17 (2d Cir. 2003) (court authorized to limit cross-exam of sexual assault victim concerning false accusations where risk of unfair prejudice and confusion outweighed its probative value); <u>see also</u> <u>Redmond v. Kingston</u>, 240 F.3d 590, 591-92 (7th Cir. 2001) (prior false accusation provided powerful reason to disbelieve alleged victim's testimony);  <u>Depetris v. Kuykendall</u>, 239 F.3d 1057, 1062 (9th Cir. 2001) (where defendant's guilt hinged largely on testimony of prosecution witness, exclusion of impeachment evidence critical to assessing witness's credibility violated confrontation clause);  <u>United States v. Stamper</u>, 766 F. Supp. 1396, 1405 (W.D.N.C. 1991) ("Evidence of prior false allegations is so probative of the central issue in a rape case that to exclude it might deny evidence critical to the defense").  But a

---

indication, however, of how the court came by that information (i.e. a prosecutor's proffer, police report, in-chambers comment, etc.).  It does not appear that it came from deposition, courtroom testimony during a "<u>Howard</u> hearing" or other proceeding, affidavit, or any other recorded presentation to the court.

pretrial evidentiary hearing or deposition would have aided the trial court in making that determination, as well as the New Hampshire Supreme Court in reviewing it.[8]  Also, as alluded to supra, the question of the admissibility of extrinsic evidence relating to the accusation, while excluded under a strict Rule 608(b) analysis, could be reopened if the accusation was shown to be demonstrably false.  White, 399 F.3d at 26.

Ultimately, the record before the court is insufficient for the court to render a decision on the Warden's motion for summary judgement with respect to the cross-examination claim.  The ruling here, however, is not that the complainant in this case

---

[8]  Such a pretrial hearing might have seemed futile or unnecessary to the trial court given its observation that:

> [T]his Court was the finder of fact in this case, not a jury.  Thus this Court was aware of the allegation of subsequent sexual activity by the alleged victim and another adult male and determined it not to be relevant to any issue in the case.  This is not a situation where if a jury knew about the subsequent act, the jury might have looked upon the alleged victim's credibility with a jaundiced eye.

New Hampshire v. Chretien, Rockingham County, No. 04-S-774, slip op. at 2 (Oct. 23, 2006).  This observation, however--that the trial court itself, and not the jury, was the trier of fact--cuts both ways.  Even if minimally relevant and highly prejudicial information had been elicited from the complainant, the trial court, experienced in matters of preliminary admissibility determination and admissibility for limited purposes, see N.H. R. Evid. 104, 105, would not have been influenced by it to Chretien's detriment.

should have been required to undergo cross-examination regarding an unrelated sexual encounter; rather, it is that on the state court record before the court, it is impossible to determine whether, and to what extent, cross-examination regarding an allegedly similar, allegedly false accusation should have been permitted.  This court is left with no choice but to make that determination with the tools and procedures available to it in the form of an evidentiary hearing (closed to non-parties, if requested, in order to protect the complainant's privacy)[9] with strict limitations on the scope of such cross-examination.  Fed. R. Hab. Corp. 8(a).  <u>See</u> 28 U.S.C. § 2254(e)(2); <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963) (partially overruled by <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 11-12 (1992), on other grounds) (applicant for federal habeas entitled to evidentiary hearing where "it appears the state trier of fact did not afford the habeas applicant a full and fair hearing").

**CONCLUSION**

     For the reasons stated above, summary judgment is granted in part and denied in part.  Summary judgment is granted to the Warden with respect to Chretien's extrinsic evidence-based claims

---

     [9]  <u>See</u> <u>Howard</u>, 121 N.H. at 59.

raised under the Fourteenth Amendment.  The motion is denied on the cross-examination-based claims raised in the petition.  An evidentiary hearing will be scheduled by the Clerk to address the issues raised in this order.  As guidance to the parties, the court leaves open for argument, as part of that hearing:  (1) the breadth of the cross-examination, if any, relating to the allegedly false accusation that should have been allowed under Rule 403; (2) whether, under <u>White</u>, it can be shown that the prior accusation, if it occurred, was demonstrably false; and (3) whether, if the hearing established that "preserved constitutional error" occurred, the error had a "substantial, injurious effect" on the court's verdict, or merely constituted harmless error.  <u>See</u> <u>Sanna v. Dipaolo</u>, 265 F.3d 1, 14 (2001).

The petitioner shall file a witness list ten days prior to the hearing date in the Clerk's scheduling order, and the respondent shall file a witness list seven days before the hearing date.  Upon a request by the respondent's counsel or a representative of the complainant's interests, the courtroom shall be closed to non-parties to the underlying state court proceeding.

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

April 21, 2008


cc:  Brian R. Graf, Esq.
     Thomas J. Gleason, Esq.
     Scott F. Gleason, Esq.